IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CR-00248-JAR-SRW |
| BRIAN K. DITCH, | ) ) ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S MOTION FOR PRETRIAL DETENTION**

The United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Derek J. Wiseman, Assistant United States Attorney for said District, moves the Court, under Title 18, United States Code, Section 3141, *et seq.*, to order Defendant Brian K. Ditch detained pending trial. In support of this motion, the United States provides the following.

**BACKGROUND**

Defendant Brian K. Ditch has been charged by a grand jury sitting in the Eastern District of Missouri in an eleven-count Indictment. Defendant Ditch is charged with four counts of Wire Fraud, four counts of Aggravated Identity Theft, two counts of Theft of Government Property, and one count of Possession of a Firearm as a Convicted Felon. For the Wire Fraud counts, each count carries a statutory maximum sentence of twenty years in prison. The Aggravated Identity Theft counts carry a two-year mandatory consecutive sentence, and the Theft of Government Property counts carry a statutory maximum of ten years in prison. For the charge of Possession of a Firearm by a Convicted Felon, that crime carries a statutory maximum of fifteen years in prison. Under the

United States Sentencing Guidelines, the United States estimates that Defendant will face a Guidelines Range of at least 175–212 months' incarceration.

As alleged in the Indictment, Defendant Brian K. Ditch regularly abused and imprisoned his uncle—a quadriplegic Army veteran ("Veteran T.C.")—in order to steal his government disability benefits. Then, after years of exploitation, neglect, and internment at the hands of the defendant, Veteran T.C. died while he was in the exclusive custody of the defendant. To continue his fraud scheme, Defendant Ditch concealed Veteran T.C.'s death—for at least five years—including by wrapping Veteran T.C.'s dead body up in a trash bag and stuffing him into a garbage can. Through his lies and acts of concealment, the defendant stole hundreds of thousands of dollars in Veteran T.C.'s disability benefits that the defendant used—not to care for his quadriplegic uncle—but to enrich himself personally. *See* Doc. 1, p. 1. Because there are no conditions that can reasonably assure the safety of the public or the appearance of the defendant, the United States requests that Defendant Ditch be ordered detained prior to trial.

## ANALYSIS

**I.     Defendant Ditch Must Be Detained Because No Conditions Can Protect the Public Against His Violent and Fraudulent Actions or Assure His Appearance.**

The depraved nature and circumstances of the defendant's crimes, the overwhelming evidence of his guilty, and the defendant's history of violence demonstrate that there is no single condition, nor are there any combination of conditions, that will prevent the defendant from harming others through violence and fraud. As the Indictment makes clear, the defendant's crimes in this case were heinous and abhorrent. For more than a decade, the defendant abused, neglected, and imprisoned his quadriplegic uncle to steal hundreds of thousands of dollars in disability benefits that were provided for the care and treatment of a veteran who served our country. While

the defendant was stealing hundreds of thousands of dollars in disability benefits from his quadriplegic uncle, the defendant was imprisoning and beating him in the garage pictured below.



To execute his scheme to defraud, the defendant not only assaulted his quadriplegic uncle, but he also also physically and emotionally abused his children and significant others. In fact, the defendant would regularly hit and threaten his children if they would try to see Veteran T.C., speak with him, or inquire as to his whereabouts. During that same timeframe, the defendant—a convicted felon—also possessed at least three firearms that he kept in his house. In sum, through the defendant's repeated acts of violence and his flagrant disregard for the value of human life, the defendant has demonstrated that he poses a serious danger to the community that no combination of bond conditions could mitigate.

An examination of the defendant's history and characteristics reveals that his current federal case is by no means his first run-in with the law. In fact, he has multiple prior convictions, including convictions for burglary and domestic battery. In addition, the defendant continued to break the law on a prior term of parole, which was subsequently revoked. Despite his prior indictments, convictions, parole, and judicial supervision, the defendant continued to break the law in this case. And he did so for the better part of two decades by stealing over $650,000, physically assaulting his family members, and possessing firearms as a convicted felon. Based on the defendant's demonstrated disregard for the rule of law, there are simply no conditions that will protect the public or assure his appearance.

## **CONCLUSION**

This Court should order the defendant detained under the Bail Reform Act because no bond conditions can assure the safety of the community or the appearance of the defendant.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Derek J. Wiseman*
DEREK J. WISEMAN #67257MO
Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200