IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CR-248 ZMB |
| ) | |
| BRIAN DITCH ) | |
| ) | |
| Defendant. ) | |

**<u>MOTION TO CONTINUE CHANGE OF PLEA HEARING</u>**

Defendant Brian Ditch, through his attorney, Kevin Gau, Assistant Federal Public Defender, respectfully moves for a 14-day continuance of the plea hearing presently set for September 15, 2025.  In further support, Defendant states:

1.   Mr. Ditch is charged with four counts of wire fraud, four counts of aggravated identity theft, two counts of theft of government property, and one count of felon in possession of a firearm; the indictment alleges that various aspects of the alleged illegal conduct began as early as January 2008. (Doc. 1).  Counsel entered to represent Mr. Ditch on May 12, 2025 (Doc. 18).  On September 4, 2025, Mr. Ditch waived pretrial motions (Doc. 26), and this past Monday (September 8), undersigned counsel advised the court the matter was ready for a change of plea hearing.  A change of plea hearing was then set for September 15, 2025.

2.   In reviewing the anticipated plea colloquy and other aspects of the case with Mr. Ditch yesterday, counsel realized there remained an unresolved issue concerning a potential impact his plea may have on a pending State of Missouri

criminal case, Dent Co. case no. 25DE-CR00105, which case involves some of the charged conduct in the present federal case and for which the prosecuting attorney is not bound by an anticipated plea agreement between the parties (*see* Pretrial Services Report, Doc. 13, p. 5). Because of the length of the scope of the scheme detailed in the proposed federal plea agreement, undersigned counsel realized there may be a very serious collateral consequence depending on the breadth of the conduct Mr. Ditch admits.  Counsel needs more time to analyze the likelihood of such a consequence with Mr. Ditch and also with opposing counsel, and therefore believes a short continuance of the plea hearing is necessary.  This continuance is necessary to ensure Mr. Ditch has a full understanding of the consequences should he choose to plead guilty.

3.  Counsel has attempted communication today with opposing counsel but was unable to speak with him about the matter.  Nevertheless, because a plea is still anticipated, undersigned counsel does not believe the Government will be prejudiced by a short continuance.

4.  Counsel will promptly file an executed speedy trial waiver from Mr. Ditch, anticipated tomorrow.

WHEREFORE, Defendant requests a 14-day continuance from the September 15, 2025, change of plea hearing.

>Respectfully submitted,
>
>/s/ Kevin B. Gau
>KEVIN B. GAU, #51595MO
>Assistant Federal Public Defender
>1010 Market Street, Suite 200

St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Kevin_Gau@fd.org
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Derek Wiseman, Assistant United States Attorney.

/s/ Kevin B. Gau
KEVIN B. GAU
Assistant Federal Public Defender