IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:25-CR-00248-ZMB |
| | ) |
| BRIAN K. DITCH, | ) |
| | ) |
|     Defendant. | ) |

**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**

The United States of America, by and through Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Derek J. Wiseman, Assistant United States Attorney for said District, files this Sentencing Memorandum and respectfully recommends that this Court impose a term of incarceration of 145 months (at the top of the applicable Sentencing Guidelines range[1]). This sentence is warranted under the relevant sentencing factors.

**I.    This Court should impose a 145-month sentence based on the relevant sentencing factors.**

In imposing a sentence, this Court must consider the relevant factors enumerated in 18 U.S.C. § 3553(a) and "make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). Section 3553(a) instructs that this Court must:

> impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect

---

[1] The Presentence Investigation Report ("PSR") correctly calculates the Sentencing Guideline Range as follows: "[b]ased upon a total offense level of 28 and a criminal history category of III, the guideline imprisonment range is 97 months to 121 months. Count 5 requires a mandatory 24-month sentence that must be imposed consecutively to all other counts." *See* PSR, ¶ 106. Therefore, when the two-year mandatory consecutive sentence for the defendant's Aggravated Identity Theft is added to the Guideline Range for his other counts of conviction, the effective Sentencing Guideline Range is 121–145.

>  for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (cleaned up). Under the statute, this Court should also consider "'the nature and circumstance of the offense,' 'the history and characteristics of the defendant,' 'the sentencing range established by the Guidelines,' 'any pertinent policy statement' issued by the Sentencing Commission pursuant to its statutory authority, and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* (quoting 18 U.S.C. § 3553(a)).[2] Applied here, the relevant sentencing factors demonstrate that a sentence of 145 months is just and appropriate.

First, the nature and circumstances of the defendant's crimes make clear that a top-of-the-Guidelines sentence is warranted. The defendant's crimes in this case were truly heinous. He was entrusted with the responsibility of serving as the sole caregiver for his uncle, a quadriplegic army veteran. Instead of providing the necessary care for a beloved member of his family, however, the defendant spent years abusing, neglecting, and imprisoning his quadriplegic uncle. And he did so in order to steal nearly two million dollars in disability benefits—public money that was provided for the care of a man who lost the use of his arms and legs while serving our country. During his years-long fraud scheme, the defendant also stole his disabled uncle's identity and possessed firearms as a convicted felon.

To continue stealing his quadriplegic uncle's disability benefits, the defendant also froze and concealed his uncle's remains after his death. To hide his uncle's body from law enforcement,

---

[2] As part of the plea agreement, the United States has agreed to dismiss three counts of Aggravated Identity Theft (Counts 6, 7, and 8). *See* PSR, ¶ 2. Had those counts remained, the Guidelines instruct that, "[g]enerally, multiple counts of 18 U.S.C. § 1028A should run concurrently with one another in cases in which the underlying offenses are groupable under §3D1.2." *See* U.S.S.G, § 5G1.2 comment. (n. 2(B)).

the defendant wrapped his uncle's dead body up in a trash bag and stuffed him into a garbage can. As the evidence reveals, the defendant's crimes in this case were not the product of an isolated mistake or a one-time lapse in judgment. The crimes committed by this defendant were the result of his calculated, years-long scheme to steal from a quadriplegic Army veteran who put his trust and his faith in the defendant. Through the defendant's crimes in this case, he exhibited a callous disregard for the value of human life. Therefore, a sentence at the top of the Sentencing Guideline range is warranted.

The defendant's history and characteristics further demonstrate that a 145-month sentence is appropriate. When the defendant's criminal history is placed in the context of his long-running fraud scheme, it is apparent that he has committed crimes—nearly uninterrupted—for the last 25 years. Undeterred by prior indictments, convictions, terms of incarceration, and judicial supervision, the defendant's criminal record reveals that he graduated from burglary and domestic battery to stealing nearly two million dollars in public funds from his disabled uncle.

Such persistent criminality—committed despite the consequences—demonstrates the need to protect the public, to promote respect for the rule of law, and to afford adequate deterrence. *See United States v. Williams*, 355 F. App'x 95, 96 (8th Cir. 2009) (upholding the defendant's sentence as substantively reasonable where the district court based an "upward variance on his prior conviction for fraud and the need for deterrence"); *see also United States v. Woods*, 670 F.3d 883, 889 (8th Cir. 2012) ("Woods's past problems and multiple encounters with law enforcement 'with no meaningful consequences,'" demonstrated "the need to promote respect for the law and deter future conduct"); *see also United States v. Howard*, 28 F.4th 180, 209 (11th Cir. 2022) ("White collar criminals often calculate the financial gain and risk of loss of their crimes, and an overly lenient sentence sends the message that would-be white-collar criminals stand to lose little more

3

than a portion of their ill-gotten gains and practically none of their liberty.") (internal citations omitted); *United States v. Brown*, 880 F.3d 399, 405 (7th Cir. 2018) (agreeing with the "widely accepted principle" that white collar crimes are "prime candidates for general deterrence").  Based on these sentencing factors, the United States respectfully recommends that this Court impose a term of incarceration of 145 months.

        Respectfully submitted,

        THOMAS C. ALBUS
        United States Attorney

        */s/ Derek J. Wiseman*
        DEREK J. WISEMAN, #67257MO
        Assistant United States Attorney
        111 S. 10th Street, Rm. 20.333
        St. Louis, Missouri 63102
        (314) 539-2200

## CERTIFICATE OF SERVICE

    I hereby certify that on December 31, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for the defendant.

                                          /s/ Derek J. Wiseman
                                          DEREK J. WISEMAN #67257MO
                                          Assistant United States Attorney